# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| DOMINIC PONTELLO,<br><br>    Plaintiff,<br><br>v.<br><br>NAVIENT SOLUTIONS, LLC<br>f/k/a NAVIENT SOLUTIONS, INC.,<br>f/k/a SALLIE AME, INC.,<br><br>    Defendant. | **NOTICE OF REMOVAL**<br><br>Removed from the Circuit Court,<br>Saint Charles County, Missouri<br>Docket No. 1811-AC07345<br><br>CIVIL ACTION NO. |

**TO: THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MISSOURI**

1. Pursuant to 28 U.S.C. sections 1331, 1367, 1441, and 1446, the Defendant, Navient Solutions, LLC ("NSL"), hereby removes to this Court the above-captioned action from the Missouri Circuit Court, Saint Charles County. In support of this Notice of Removal, NSL states the following:

## I.  STATEMENT OF THE CASE

2. On or about November 1, 2018, Plaintiff Dominic Pontello ("Plaintiff") filed a civil petition against NSL in the Missouri Circuit Court, Saint Charles County, styled *Dominic Pontello v. Navient Solutions, LLC, f/k/a Navient Solutions, Inc., f/k/a Sallie Mae, Inc.*, at Docket Number 1811-AC07345.  A true and accurate copy of Plaintiff's Petition is attached hereto as **Exhibit 1**.

3. Plaintiff asserts causes of action for alleged violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et. seq.*, and Invasion of Privacy – Intrusion Upon Seclusion.

## II. BASIS FOR REMOVAL

A. **Federal Question Jurisdiction**

4. United States district courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. This Court has jurisdiction under 28 U.S.C. section 1331 because Plaintiff's TCPA cause of action arises under the laws of the United States.

5. The general rule is a case meets the "arising under" standard if it is apparent that federal law creates the plaintiff's cause of action from the face of the complaint. *See Empire HealthChoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 701 (2006); *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for So. Cal.*, 463 U.S. 1, 27-28 (1983).

6. The first cause of action in Plaintiff's Petition arises under federal law—namely, the TCPA. *See* Exhibit 1. Plaintiff specifically states "this is an action for statutory and actual damages brought by an individual consumer for violations of the Telephone Consumer Protection Act of 1991." *See* Exhibit 1, ¶ 1. Adjudicating Plaintiff's Petition thus requires construing the TCPA to determine if Plaintiff is entitled to damages as alleged.

7. The Supreme Court has held that private claims brought by consumers under the TCPA confer federal question jurisdiction. *See Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 377 (2012).

8. Accordingly, this Court has federal question jurisdiction over Plaintiff's TCPA claim.

**B.     Supplemental Jurisdiction**

9.     Under 28. U.S.C. Section 1367(a), "the district courts shall have supplemental jurisdiction over all over claims that are so related to claims in the action within such original jurisdiction that they form part of the same case of controversy."

10.     Plaintiff's second cause of action alleging Invasion of Privacy – Intrusion Upon Seclusion, relates to the same loan/debt and the same telephone calls allegedly made to him by NSL.  Thus, this claim is based on the same set of factual allegations as Plaintiff's first cause of action arising under the TCPA.  Therefore, Plaintiff's two claims are so related that they form part of the same case or controversy.

11.     Accordingly, this Court has supplemental jurisdiction over Plaintiff's Invasion of Privacy – Intrusion Upon Seclusion claim.

### III.     ALL PROCEDURAL REQUIREMENTS HAVE BEEN SATISFIED

12.     28 U.S.C. section 1446(b) provides that "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading …" 28 U.S.C. § 1446(b).

13.     This action was commenced in the Missouri Circuit Court, Saint Charles County, on November 1, 2018.  NSL was served on November 27, 2018.  A copy of the Notice and Acknowledgement for Service by Mail from NSL is attached hereto as **Exhibit 2**.  Removal of this action is timely as this Notice is being filed within thirty days of NSL being purportedly served with the Petition.

14.     Additionally, venue properly lies in the Eastern District of Missouri because Plaintiff alleges that he is a citizen of Saint Charles County, Missouri.

3

15. In accordance with 28 U.S.C. section 1446(d), written notice of the filing of this removal notice will be given to the Plaintiff following the filing of this Notice of Removal, and will be promptly filed with the Missouri Circuit Court, Saint Charles County.

16. In submitting this Notice of Removal, NSL reserves all defenses.

## IV.   CONCLUSION

**WHEREFORE**, the Defendant, Navient Solutions, LLC, hereby removes this action from the Missouri Circuit Court, Saint Charles County, to the United States District Court for the Eastern District of Missouri.

**HINSHAW & CULBERTSON LLP**

By: _____*/s/ Terese A. Drew*_____
TERESE A. DREW   #32030
701 Market Street, Suite 1375
St. Louis, MO  63101-1843
P: (314) 241-2600
F:  (314) 241-7428
tdrew@hinshawlaw.com
ATTORNEYS FOR DEFENDANT
NAVIENT SOLUTIONS, LLC

4

Respectfully submitted,

The Defendant,

NAVIENT SOLUTIONS, LLC,

By: Its Attorneys

*/s/ Terese A. Drew*

Dated: 12/26/18

## CERTIFICATE OF SERVICE

Isaac J. Bressler, Esq.
Pontello & Bressler, LLC
406 Boones Lick Road
St. Charles, MO 63301